Judge Underwood,
delivered Ihe Opinion of the Court.
Improper evidence was permitted to go before the jury on the trial of this cause. The defendant in error, who was defendant in the circuit court, read in evidence a,grant to Benjamin Wyncoop covering the land in controversy. To connect himself with the grant, he read a deed from Joseph Wyuooop and undertook to prove that said Joseph was the heir at law to said Benjamin. The deed executed by Joseph Wyncoop purports to convey the land to J F. Moore and Joseph Brooks. Jones was the witness introduced to prove the heirship of Joseph Wyncoop. All the information he had upon the subject was derived from Moore, J. Brooks, and J. Wyncoop, and this information did not extend so far as to enter into the pedigree of Jos. Wyncoop. He neither knew personally or by reputation the degree of relationship subsisting between Benjamin and Josph Wyncoop. All that he detailed in evidence was, that Joseph was called the heir of Benjamin by Moore and Brooks, and they derived their knowledge from Joseph himself. This will not do — first: because it is mere heresay, coming from interested parties, who thereby undertake to support their own title; and, secondly, it is an attempt to prove matter of law instead of fact.
The defendant rend as evidence a deed bearing date on the 19th Feb,, 1800, executed by Geo. Slaughter, by.his attorney in fact, A. Breckenridge, to Jos. Brooks. No power was shown authorizing Breckenridge to make the deed for Slaughter. But on the 28th of May, 1817, Slaughter, in proper person, acknowledged the execution and delivery of the deed before the clerk of the county of Bourbon, who certified the same, and on the 3d day of June following, it was admitted to recordin the county of Bullitt, where the land lay. The plaintiff objected to reading the deed as evidence, because Breckenridge’s authority was not proven and because Slaughter had not acknowledged the deed in proper per *120 son within eight months from its date. The court overruled the objections, and permitted the deed to be read as the deed of Slaughter from the date of his acknowledgment before the clerk of Bourbon. To this opinion of the circuit court, an exception was filed, and its correctness is questioned here.
If a deed he not enrolled within eight months ’rom its execution it’s not compe tent evidence unless its execution be proved. Deed executed in 1800 hv agent -in 1817 ti e principal acknowledges the deed as his act and deed before the clerk. This acknowledgment must have relation to the original execution of the deed and cannot operate as a new delivery or second ex-ention of the deed.
The opinion of the circuit court on this point cannot be sustained, unless the deed can be regarded as having been legally enrolled by the clerk of Bullitt, for there was no proof of the execution of the deed by Slaughter, other than the certificate of the clerk of Bourbon. The acknowledgment before the clerk of Bourbon shows an attempt to give validity to the. deed as executed by Breckenridge the attorney in fact. The certificate states that Slaughter ‘‘acknowledged and delivered the deed from him b v A. Breckenridge, his attorney in fact, for that purpose to Joseph Brooks as and for the act and deed of him the said Slaughter.” Now whether this be regarded asan attempt to confirm what Breckenridge had done (in which light we view it) or as an acknowledgment of the hand and seal subscribed to the deed as the act of Slaughter, it equally follows that the acknowledgment is evidence of the delivery of the deed, which is always presumed to have been made on the dav of its date, unless the contrary he proven. See McConnell os. Brown &c. Select Cases 465 & 466. It must, therefore, betaken, that the deed in this case was delivered in 31800, as there is no proof to the contrary The case cited is a clear authority shewing that the idea of a new or second delivery of the deed by the acknowledgment in 1817 cannot be tolerated. If the acknowledgment in 1817 had any effect, it was to make the deed then acknowledged good and operative from its date. This being the case, as it was not enrolled within eight months from its delivery it could not be read without proof of its execution. The certificates of clerks under such circumstances prove nothing, as is clear from many adjudged cases. See Morgan vs, Bealle, I. Marshall, 310; Anderson vs. Turner, II Litt 237; Winlock vs. Hardy, IV. Litt. 292. The result is, that the court erred in admitting the deed from Slaughter to be read as evidence as an enrolled deed.
*121 We perceive no errors in the opinions expressed by the circuit court in the instructions, unless it be a failure to define, with sufficient clearness, what amounted to a vacation, or abandonment of possession.
But for the errors pointed out, the judgment must be reversed with costs, and the cause remanded foi’ a new trial, not inconsistent with this opinion.